UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**HANNA JABER,**

        **Plaintiff,**　　　　　**CASE NUMBER: 09-11610**
　　　　　　　　　　　　　　　　　　　　**HONORABLE VICTORIA A. ROBERTS**
**v.**

**WAYNE STATE UNIVERSITY**
**BOARD OF GOVERNORS,**
**and DR. PAULA C. WOOD**

        **Defendants.**
_____/

## ORDER

**I.　　INTRODUCTION**

This matter is before the Court on Defendants' Motion in Limine to Preclude Plaintiff's Requested Equitable Relief. (Doc. # 45) Plaintiff filed a Brief in Response (Doc. # 46), to which Defendants replied. (Doc. # 49) For the reasons stated, Defendants' motion is **DENIED**.

**II.　　BACKGROUND**

On September 21, 2010, Plaintiff Hanna Jaber filed a Second Amended Complaint against Defendants Wayne State University Board of Governors and Dr. Paula C. Wood. (Doc. # 41) Her complaint states a procedural due process violation claim under the Civil Rights Act, 42 U.S.C. § 1983, arising from the revocation of her doctoral degree, as well as additional claims which were dismissed by the Court in a previous order. (Doc. # 37) She requests a jury trial.

Should Jaber succeed on the merits of her procedural due process claim, she seeks certain legal and equitable relief. Of relevance to Defendants' motion, Jaber seeks (1) return of her doctoral degree and (2) an opportunity to revise her doctoral dissertation. (Doc. #41, p. 8) Defendants argue that if Jaber succeeds on the merits of her claim, the Court lacks the authority to award these equitable remedies.

### III. ARGUMENTS AND ANALYSIS

The gravamen of Defendants' argument is that neither the Court nor a jury can grant Jaber's request for equitable relief because to do so would infringe on Wayne State University's ("WSU") right to academic freedom. (Doc. #45, p. 1) Defendants cite the Michigan Constitution, as well as Michigan state law, for the proposition that the university has complete control over the conduct of its affairs, in particular the conferral of degrees. (*Id.* at 1-2) By "awarding" Jaber a degree, the Court would usurp the administrative independence of the university, say Defendants. (*Id.* at 3)

Jaber responds that district courts have broad authority to provide equitable relief, and that the concept of academic freedom applies to claims of substantive due process violations, while hers is a procedural due process claim. (Doc. # 46, pp.1-3) She cites Supreme Court desegregation rulings to support her position that this Court has the authority to order equitable relief in cases involving educational institutions. (*Id.* at 3-4) Finally, Jaber asks that the Court grant her requested equitable relief without a trial. (*Id.* at 6)

Jaber emphasizes that her claim is not one of substantive due process and that she is not challenging the determination that she committed plagiarism. (Doc. # 46, p. 3) Thus, the jury would not weigh the substance of the decision to revoke Jaber's degree.

2

Instead, the focus at trial would be on the process utilized to make and enforce the substantive determination. Concerns of academic freedom come into play largely when courts rule on the substance of university decisions and not on the process by which those decisions are made. *See, e.g.*, *Univ. of Michigan v. Ewing*, 474 U.S. 214, 225 (1985) ("It is important to remember that this is not a case in which the procedures used by the University were unfair in any respect.... When judges are asked to review *the substance* of a genuinely academic decision, such as this one, they should show great respect for the faculty's professional judgment.") (emphasis added).

While the authority cited in Defendants' motion supports their position that *the university* enjoys a right of institutional freedom in academic decision-making, it is Jaber's position that *Dean Wood*, and not the university, revoked her degree. Indeed, Jaber claims that Dean Wood's conduct in this regard violates Michigan law. This alleged violation is cited in support of her procedural due process claim.

The Court disagrees with Defendants here--that the Court would usurp the institutional freedom of the university by returning Jaber's degree–since the university never acted to revoke Jaber's degree in the first instance. The opinions relied on by Defendants consistently reference the discretionary powers of the academy, not of individual staff members of the academy. Michigan law specifically vests control over WSU's affairs, including the conferral of degrees and granting of diplomas, in the board of governors, not in the university's dean. MICH COMP. LAWS. ANN. §§ 390.641-390.645 (West 2010).

Further, it has long been recognized that district courts have broad power to grant or deny equitable relief under 42 U.S.C. § 1983. *See, e.g., Geier v. Univ. of*

3

*Tennessee*, 597 F.2d 1056, 1068 (6th Cir. 1979) (a district court is controlled by general principles of equity in fashioning relief); *Swann v. Charlotte-Mecklenburg Bd. of Educ.*, 402 U.S. 1, 15 (1971) ("Once a right and a violation have been shown, the scope of a district court's equitable powers to remedy past wrongs is broad, for breadth and flexibility are inherent in equitable remedies."); *Knowles v. Bd. of Public Instruction of Leon Cnty., Fla.*, 405 F.2d 1206, 1207 (5th Cir. 1969). "The remedy for a procedural due process violation is restoration of the status quo ante and an injunction barring deprivation of the plaintiff's rights without the requisite procedural protections." *Taylor v. Ledbetter*, 818 F.2d 791, 822 (11th Cir. 1987) (Tjoflat, J. concurring in part and dissenting in part) (citing *Mathews v. Eldridge*, 424 U.S. 319, 349 (1976)); *Geier*, 597 F.2d at 1068 (one factor courts should consider when fashioning an equitable remedy is that relief must be remedial in nature, that is, it must be designed to restore Plaintiff to the position she would have been in absent the unlawful conduct).

By returning Jaber to the position she occupied pre-violation, the Court would not be "awarding" her a degree, but exercising its broad equitable power to restore the status quo, by vacating an improper degree revocation. The distinction between ordering WSU to award a degree which was never conferred in the first place, and vacating the unlawful revocation of a degree, is an important one. For example, in *Wenner v. Sun Life Ass. Co. of Canada*, 482 F.3d 878, 883 (6th Cir. 2007), the Sixth Circuit emphasized the distinction between a disability claimant whose *initial* disability claim is denied, who has no expectation of receiving benefits unless her claim is meritorious, from a claimant whose benefits have been unlawfully terminated. The latter, the court opined, "has, prior to the termination, a full expectation of continued disability

4

payments until they are terminated by lawful procedures." *Id.* "Thus, prior to the termination of her benefits by improper procedures, the status quo was that the plaintiff was receiving long-term disability benefits and the appropriate remedy is an order vacating the termination of her benefits and directing the defendant to reinstate retroactively the benefits." *Id.* at 884 (citation and internal quotation marks omitted). Likewise, here, prior to the revocation of her degree, the status quo was that Jaber held a Ph.D. from WSU. If the jury finds a procedural due process violation, a proper remedy would be an order vacating the revocation of Jaber' degree.

Following an order vacating the unlawful revocation of Jaber's degree and enjoining Defendants from revoking her degree without utilizing the proper procedure, the university would, of course, be able to begin anew the revocation process. The Court would not require the university to give Jaber the opportunity to correct and resubmit her doctoral dissertation. Such relief, in all likelihood, would infringe on WSU's institutional freedom to conduct its own affairs.

Finally, the Court denies Jaber's request to enter judgment in her favor, without a trial, and to grant her requested equitable relief. Jaber argues that because Dean Wood violated Michigan law, there are no issues for a jury to resolve. (Doc. #46, p. 6) However, the Court granted Defendants' Motion for Reconsideration of its Order Granting in Part Defendants' Motion for Summary Judgement, and vacated its ruling that Dean Wood acted outside of Michigan law when she revoked Jaber's degree. (Doc. # 44) Even if there was a determination that Michigan law was violated, Jaber does not include a state law claim in her complaint. Instead, her amended complaint states that Dean Wood violated Michigan law by revoking her degree in support of her procedural

5

due process claim. (Doc. # 41, pp. 5-6)

A jury might find that a violation of Michigan law, standing alone, or in combination with the other facts alleged in Count One of the amended complaint, amount to a procedural due process violation. However, it need not, as a matter of law, reach that conclusion. *See Wedgewood Ltd. P'Ship v. Twp. of Liberty, Ohio*, 610 F.3d 340, 354 (6th Cir. 2010) ("[V]iolations of state law do not automatically translate into a deprivation of procedural due process under the United States Constitution.") (citation and internal quotation marks omitted). To establish a procedural due process violation under 42 U.S.C. § 1983, Jaber must establish three elements: (1) that she had a property interest in her degree protected by the Due Process Clause of the Fourteenth Amendment; (2) that she was deprived of that protected interest within the meaning of the clause; and (3) that the state did not afford her adequate procedural rights before depriving her of her protected interest. *See id.* at 349. "The Supreme Court has described 'the root requirement' of the Due Process Clause as notice and an opportunity to be heard before one is deprived of a significant property interest." *Id.* at 354 (quoting *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985)). A jury could reasonably conclude that despite any state law violation, Jaber received all of the notice and opportunity to be heard that was due her under the Due Process Clause of the Fourteenth Amendment.

### IV. CONCLUSION

For the reasons stated, Defendants' motion is **DENIED.**

**IT IS ORDERED.**

                                                s/Victoria A. Roberts
                                                Victoria A. Roberts
                                                United States District Judge

Dated: October 29, 2010

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on October 29, 2010.

s/Linda Vertriest
Deputy Clerk

---